# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Matthew Duke Maley,<br><br>Defendant. | No. CR-14-00637-001-TUC-FRZ (LAB)<br><br>**ORDER** |

Pending before the Court is a Motion to Suppress (Doc. 30) filed by Defendant Matthew Duke Maley. Magistrate Judge Leslie A. Bowman held an evidentiary hearing on February 1, 2017 and February 13, 2017. On March 3, 2017, Judge Bowman issued a Report and Recommendation (Doc. 78), which recommends denying the Motion to Suppress.

## I. Background

In 2013, Defendant and others were the subjects of an investigation into the distribution of methamphetamine in New Mexico. In August 2013, an undercover FBI special agent named Bryan Acee ("SA Acee") went to the Sunny Acres RV Park in Las Cruces, NM, with a woman named Jennifer Sanders, in order to purchase methamphetamine from Sanders's source, who she described as a white man named Matt. At the RV park, Sanders went inside a white travel trailer and returned with 10 ounces of methamphetamine, which she sold to SA Acee. During the incident, SA Acee observed Defendant looking out the window of the trailer. SA Acee later determined that the

trailer space was rented by Defendant and his girlfriend, and that Defendant had purchased the travel trailer in July 2013 for $7,000.00 cash.

Defendant was indicted on November 13, 2013 in the United States District Court for the District of New Mexico for distribution of methamphetamine in violation of 21 U.S.C. § 841, and aiding and abetting.[1] An arrest warrant was issued on the same day. By that time, however, Defendant had relocated from New Mexico; an investigation led agents to believe he was living at 1920 W. Gardner Lane in Tucson, Arizona.

FBI Special Agent Jordan Kuretich ("SA Kuretich") conducted surveillance of the 1920 W. Gardner Lane property on November 8, 2013 and November 9, 2013. He observed and photographed the white travel trailer that SA Acee had previously seen at the Sunny Acres RV Park. The trailer was up on a block and had its awning and pull-out extended.

On November 17, 2013 at approximately 9 a.m., FBI agents went to 1920 W. Gardner Lane in order to arrest Defendant pursuant to the arrest warrant issued by the district court in New Mexico, and to seize Defendant's travel trailer and vehicles for forfeiture. The white travel trailer was on the property in the same position as SA Kuretich had observed over a week earlier. The trailer was still up on a block, with the awning, pull-out, and stairs extended. It was hooked up to utilities via an extension cord, a garden hose, and a flexible pipe attached to a sewage outlet. The trailer's door was locked. After knocking and announcing their presence, agents breached the door and entered the trailer. Defendant was not inside, but while looking for him, agents observed methamphetamine, firearms, and drug paraphernalia in the trailer. Agents then seized the trailer for administrative forfeiture. They unhooked the trailer's utilities, closed the pull-outs, and towed the trailer to the FBI office in Tucson. Afterward, on November 19, they obtained a search warrant to conduct a search of the trailer. The search pursuant to the warrant occurred at the FBI office.

---

[1] A superseding indictment added twelve additional counts. Maley was convicted on September 25, 2014.

In her Report and Recommendation, Judge Bowman found that it was reasonable for the agents to assume that Defendant resided in the travel trailer but that the agents did not have sufficient information to support a reasonable belief that Defendant was present inside the trailer the morning of November 17, 2013. (Doc. 78 at 9-10.) Accordingly, Judge Bowman held that the agents violated the Fourth Amendment by entering the trailer in order to arrest Defendant pursuant to the arrest warrant, and that evidence seen in plain view after the entry would be inadmissible if this were the end of the analysis. (*Id.* at 10.) However, Judge Bowman recommended denying Defendant's Motion to Suppress on the basis of the inevitable discovery doctrine, because the agents were entitled to conduct an inventory search after seizing the trailer for administrative forfeiture, and an inventory search would have led to the discovery of the evidence that Defendant moves to exclude. (*Id.* at 10-11.)

## II. Standard of Review

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

## III. Discussion

No party objected to the portion of Judge Bowman's Report and Recommendation holding that the agents unlawfully entered the travel trailer. The Court has reviewed that portion of the Report and Recommendation for clear error, and has found none.

Accordingly, that portion of the Report and Recommendation will be accepted and adopted.

Defendant objects to the portion of Judge Bowman's Report and Recommendation holding that the evidence found inside the trailer is admissible under the inevitable discovery doctrine. The Court accordingly makes a de novo determination of that portion of the Report and Recommendation.

The inevitable discovery doctrine is an exception to the exclusionary rule. *United States v. Reilly*, 224 F.3d 986, 994 (9th Cir. 2000). The doctrine permits the admission of evidence which otherwise would be excluded if the government can show "that the evidence would have been obtained inevitably and, therefore, would have been admitted regardless of any overreaching by the police.'" *Id.* (quoting *Nix v. Williams*, 467 U.S. 431, 447 (1984)). The government bears the burden of making "this showing by a preponderance of the evidence." *Id.*

If the agents' seizure of the trailer for administrative forfeiture was lawful, then the agents were entitled to conduct an inventory search. *See United States v. Johnson*, 572 F.2d 227, 233-34 (9th Cir. 1978) (a vehicle lawfully seized for forfeiture may be searched); *United States v. Kimak*, 624 F.2d 903, 904-906 (9th Cir. 1980) (per curiam) (same). As Judge Bowman found, an inventory search would have led to the inevitable discovery of the evidence that Defendant moves to exclude from trial. (Doc. 78 at 11.) "Before an inventory search is permissible," however, "the government must have legitimate custody of the property to be inventoried, either as a result of a lawful arrest or by some other method." *United States v. Mancera-Londono*, 912 F.2d 373, 376 (9th Cir. 1990) (internal alteration and quotation omitted). The key inquiry is thus whether the agents' warrantless seizure of the trailer for forfeiture was lawful.

Pursuant to 21 U.S.C. § 881(a)(4), "conveyances, including aircraft, vehicles, or vessels," are subject to forfeiture to the United States if they "are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" unlawful controlled substances. Any property subject to

forfeiture under § 881 "may be seized by the Attorney General in the manner set forth in section 981(b) of Title 18." 21 U.S.C. § 881(b).[2] Pursuant to 18 U.S.C. § 981(b):

> Seizures . . . shall be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure, except that a seizure may be made without a warrant if—
> (A) a complaint for forfeiture has been filed in the United States district court and the court issued an arrest warrant in rem pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims;
> (B) there is probable cause to believe that the property is subject to forfeiture and—
> (i) the seizure is made pursuant to a lawful arrest or search; or
> (ii) another exception to the Fourth Amendment warrant requirement would apply; or
> (C) the property was lawfully seized by a State or local law enforcement agency and transferred to a Federal agency.

18 U.S.C. § 981(b)(2).

A complaint for forfeiture had not been filed at the time of the seizure of Defendant's trailer, so § 981(b)(2)(A) is inapplicable.[3] The seizure was not made by a State or local law enforcement agency, so § 981(b)(2)(C) is inapplicable. The seizure was not made pursuant to a lawful arrest or search, so § 981(b)(2)(B)(i) is inapplicable. Accordingly, the seizure was lawful only if: (1) there was probable cause to believe the trailer was subject to forfeiture, and (2) an exception to the Fourth Amendment warrant requirement would apply. *See* § 981(b)(2)(B)(ii).

Judge Bowman found that the trailer was subject to forfeiture because SA Acee had previously purchased methamphetamine from the trailer. Although the delay

---

[2] The government cites to *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1147 (9th Cir. 1989), for the proposition that 18 U.S.C. § 881 permits the seizure of property without the issuance of process by a district court if the Attorney General has probable cause to believe the property is subject to civil forfeiture under the statute. (Doc. 86 at 8.) However, *One 1985 Cadillac Seville* analyzed an earlier version of § 881(b). *See id.* at 1146. The current version of the statute provides that property subject to forfeiture under § 881 "may be seized by the Attorney General in the manner set forth in section 981(b) of Title 18." 21 U.S.C. § 881(b).

[3] A complaint for forfeiture was filed in New Mexico on December 17, 2013. (*See* Doc. 30-1.) The complaint for forfeiture—which contains numerous inaccuracies—was filed *after* federal agents had seized the travel trailer for forfeiture; furthermore, it was filed in state court rather than in a United States district court.

- 5 -

between the methamphetamine purchase and the seizure of the trailer is troubling, the Court agrees that there was probable cause to believe the trailer was subject to forfeiture under 21 U.S.C. § 881. Probable cause to believe the trailer was subject to forfeiture under § 881, however, is not enough: the agents also needed a warrant unless an exception to the warrant requirement is applicable. 21 U.S.C. § 881(b); 18 U.S.C. § 981(b)(2)(B)(ii).

The government relies on the "automobile exception" to the Fourth Amendment's warrant requirement. The automobile exception, first articulated by the Supreme Court in *Carroll v. United States*, 267 U.S. 132 (1925), "has historically turned on the ready mobility of the vehicle, and on the presence of the vehicle in a setting that objectively indicates that the vehicle is being used for transportation," *California v. Carney*, 471 U.S. 386, 394 (1985). Under the exception, law enforcement officers may "search an automobile without first obtaining a warrant" if they "have probable cause to believe that [the] automobile contains evidence of a crime." *United States v. Hatley*, 15 F.3d 856, 858 (9th Cir. 1994) (internal quotation omitted). In *Florida v. White*, the Supreme Court relied on the automobile exception in upholding a warrantless seizure of an automobile from a public area based on probable cause to believe the automobile was forfeitable under a state-law forfeiture statute. 526 U.S. 559, 564-66 (1999).

In *Carney*, the Supreme Court found that the automobile exception applied to a search of the respondent's motor home because, though the motor home "possessed some, if not many of the attributes of a home," it "could readily have been moved beyond the reach of the police," it "was licensed to operate on public streets," it "was subject to extensive regulation and inspection," and it "was so situated that an objective observer could conclude that it was being used not as a residence, but as a vehicle." *Id.* at 393. The Court declined to "pass on the application of the vehicle exception to a motor home that is situated in a way or place that objectively indicates that it is being used as a residence." *Id.* at 394 n.3. However, the Court identified certain potentially relevant factors, including "whether the vehicle is readily mobile or instead, for instance, elevated

on blocks, whether the vehicle is licensed, whether it is connected to utilities, and whether it has convenient access to a public road." *Id.* In *United States v. Hamilton*, the Ninth Circuit analyzed these factors in finding that the automobile exception applied to a motor home parked on a private residential driveway and connected to the residence by an extension cord. 792 F.2d 837, 843 (9th Cir. 1986), *disapproved on other grounds by United States v. Kim*, 105 F.3d 1579 (9th Cir. 1997). The Ninth Circuit noted that the motor home had been moved the night before it was searched, that it was licensed with the State of California, and that it had easy access to a public road. *Id.* The Court found the fact that the motor home was attached to electrical utilities by means of an extension cord was "not very significant," because "an extension cord is hardly the kind of 'pipe and drain' connection that would render the motor home more permanent and less mobile." *Id.*

The Court does not find that the automobile exception is applicable under the facts of this case. The travel trailer was mobile in the sense that it could be towed by another vehicle, but it had no engine or steering wheel and was incapable of moving on its own. It was not "readily mobile by the turn of an ignition key."[4] *Carney*, 471 U.S. at 393; *cf. United States v. Gooch*, 6 F.3d 673, 677 (9th Cir. 1993) (holding that automobile exception did not apply to a tent even though a tent is movable, and noting that "the Fourth Amendment protects expectations of privacy in movable, closed containers").[5]

---

[4] According to the testimony at the evidentiary hearing before Judge Bowman, ten to twelve law enforcement agents were present at the 1920 W. Gardner Lane property on November 17, 2013. (Tr. (2/13/17) at 34, 66, 73.) In order to tow the trailer to the FBI office, the agents had to first disconnect the utilities and push in the slide-outs, which "took a little while." (Tr. (2/13/17) at 25; *see also* Tr. (2/1/17 Vol. II) at 49-50, 138.) The agents had some trouble disconnecting the septic line, and pushing the slide-outs in required moving a "lot of stuff" inside the trailer, including a couch. (Tr. (2/1/17 Vol. II) at 49-50, 138.)

[5] The travel trailer is more analogous to the tent at issue in *Gooch* than to the houseboat at issue in *United States v. Albers*, 136 F.3d 670 (9th Cir. 1998). In *Albers*, the Ninth Circuit found that the automobile exception applied to a warrantless search of an "obviously mobile" houseboat located "in open public waters" where "an objective observer would conclude that" the houseboat was being used "as a vehicle." *Id.* at 673. The Court noted that a "houseboat not independently mobile . . . would present a different case." *Id.* at 673 n.3. In the present case, the travel trailer was not independently mobile and was situated such that an objective observer would conclude that it was being used as

When agents arrived on November 17, 2013, the trailer was in the same position that it had been when SA Kuretich conducted surveillance on November 8-9, 2013. The trailer was elevated on a block, its awning and pull-out were extended, it was connected not only to electrical utilities but also to water and sewage, it was located on private property, and it was situated in a way that objectively indicated it was being used as a residence. Indeed, the agents believed Defendant was using it as his residence.

The agents' warrantless entry into the travel trailer and the subsequent warrantless seizure of the trailer violated the Fourth Amendment. Because the seizure was unlawful, a subsequent inventory search would have been impermissible. *See Mancera-Londono*, 912 F.2d at 376. Therefore, the fact that the evidence found inside the trailer would have been inevitably discovered during an inventory search does not render the evidence admissible under the inevitable discovery doctrine.[6] The exclusionary rule prohibits the government from introducing in its case-in-chief evidence obtained as a result of the agents' unlawful entry into and seizure of Defendant's trailer.

**IT IS ORDERED** that Defendant's Objection (Doc. 84) is **sustained**. The Report and Recommendation (Doc. 78) is **accepted and adopted in part, and rejected in part**, as follows:

1. The Court accepts and adopts the portion of the Report and Recommendation finding that the agents' entry into the travel trailer was unlawful.
2. The Court rejects the portion of the Report and Recommendation finding that the evidence found in the trailer is admissible pursuant to the inevitable discovery doctrine.

---

a residence rather than as a vehicle.

[6] Neither does the fact that the trailer was later searched pursuant to a search warrant render the evidence found therein admissible pursuant to the inevitable discovery doctrine. The search warrant was obtained after the trailer had already been unlawfully entered and seized, and the application for the search warrant relied upon evidence observed during the agents' unlawful entry. *See United States v. Wanless*, 882 F.2d 1459, 1465 (9th Cir. 1989) ("evidence which is obtained as a direct result of an illegal search and seizure may not be used to establish probable cause for a subsequent search.").

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (Doc. 30) is **granted**.

Dated this 5th day of May, 2017.

                                          Honorable Frank R. Zapata
                                          Senior United States District Judge